UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A RODRIGUEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> MARISOL A. CHALAS, <br><br> Defendant. | Case No. 23-cv-04728-SI <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> Re: Dkt. No. 5 |

On January 12, 2024, the Court held a hearing on defendant's motion to dismiss this case. For the reasons set forth below, the Court GRANTS the motion.

## BACKGROUND

In August 2023, self-represented plaintiff Jose Rodriguez, Jr., a U.S. Army employee, filed a request for a civil restraining order in Alameda County Superior Court against U.S. Army Lieutenant Colonel Marisol Chalas. *Rodriguez v. Chalas*, Case No. 23CV041422 (Alameda Sup. Ct.). Rodriguez's request states that Chalas was or is Rodriguez's supervisor, that she previously threatened his position and employment and inflicted verbal and emotional abuse, and that Chalas harassed Rodriguez and others in the workplace and that no action was taken. Request for Civil Restraining Order at 3 (Dkt. No. 1-1). Rodriguez seeks an order that, among other things, prohibits Chalas from going to his "job or workplace" and prohibiting Chalas from "spread[ing] rumors about me to staff and other workplace personnel." *Id.* at 4. The Alameda County Superior Court denied the request pending a hearing, and scheduled a hearing for September 19, 2023.

The United States Attorney's Office received a copy of the request for a civil restraining

order, and on September 14, 2023, the federal government removed the case pursuant to 28 U.S.C. § 1442(a)(1). That statute provides,

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

On September 21, 2023, the government moved to dismiss this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). This case is related to two similar actions brought by Kelley Marie Coelho against Chalas and another Army officer, and the Court set all three cases for hearing on January 12, 2024.

**LEGAL STANDARD**

A case may be dismissed when there is a "lack of subject matter jurisdiction." Fed. R. Civ. Pro. 12(b)(1). Rule 12(b)(1) is a "proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). In the context of a 12(b)(1) motion to dismiss based on sovereign immunity, the party invoking the court's jurisdiction bears the burden of showing that sovereign immunity does not bar suit. *Id.* A plaintiff must point to a statute by Congress that has waived immunity to establish subject matter jurisdiction when asserting a claim against a defendant in their official capacity. *See Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011).

**DISCUSSION**

The government contends that this Court lacks jurisdiction over this case because the United States has not waived sovereign immunity to allow federal employees to be subject to state harassment orders issued by state courts where those orders would restrict the employees' activities

in the workplace. The government argues that because the state court lacked jurisdiction over Rodriguez Jr.'s request for a civil restraining order, this Court lacks jurisdiction pursuant to the doctrine of "derivative jurisdiction." Under the doctrine of derivative jurisdiction, "a federal court [is] without jurisdiction over a suit removed to it from a state court if the state court from which it was removed lacked subject matter jurisdiction, even though the federal court would have had jurisdiction had the suit been brought there originally." *Beeman v. Olson*, 828 F.3d 620, 621 (9th Cir. 1987); *see also F.B.I. v. Superior Court of Cal.*, 507 F. Supp. 2d 1082, 1092 (N.D. Cal. 2007) (analyzing the derivative jurisdiction doctrine and concluding that "the doctrine of derivative jurisdiction applies to § 1442 removals").

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). "The general rule is that a suit against the United States is defined broadly as any action seeking a judgment that would: 1) 'expend itself on the public treasury or domain;' 2) 'interfere with the public administration;' or 3) 'restrain the Government from acting' or 'compel it to act.'" *F.B.I. v. Superior Ct. of Cal.*, 507 F. Supp. 2d 1082, 1094 (N.D. Cal. 2007) (quoting *Washington v. Udall*, 417 F.2d 1310, 1315 (9th Cir. 1969)). "An action against a government employee constitutes a suit against the United States assuming it would have one of these effects." *Id.* However, a suit against a federal employee is not barred by sovereign immunity "1) when an employee's actions exceed the scope of the statutory powers conferred upon him or her; and 2) when, despite acting within the scope of his or her authority, the employee was acting unconstitutionally." *Id.* (citing *Dugan v. Rank*, 372 U.S. 609, 621-22 (1963)).

At the hearing, Rodriguez Jr. stated that his claims of harassment by Chalas are based on work-related acts, and that none of the alleged harassment was unrelated to work. There is no dispute that the civil restraining order that Rodriguez seeks would restrict Chalas's activities in the workplace. Numerous courts have found requests for civil restraining orders against federal employees to be barred by sovereign immunity when the employees are acting in the scope of their employment and the restraining orders would restrict their activities in the workplace. *See*

3

*Guancione v. Espinoza*, Case No. 23-cv-01935-BLF, 2023 WL 4551073, at *4-5 (N.D. Cal. July 14, 2023) (holding sovereign immunity barred suit and dissolving stay away order against federal marshal where marshal was executing court-ordered real estate foreclosure and judicial sale of property); *Kline v. Johns*, No. 21-cv-03924-KAW, 2021 WL 3555734, at *2 (N.D. Cal. Aug. 2, 2021) (dismissing case based on sovereign immunity and dissolving civil harassment restraining order against federal employee where the plaintiff claimed harassment in the workplace because the "TRO interferes with Defendant's ability to perform his job as a federal employee"), appeal dismissed, No. 21-16316, 2021 WL 7442177 (9th Cir. Dec. 7, 2021); *see also Sherill v. Van Cleave*, No. CV-22-01274-PHX-DGC, 2022 WL 14644390, at *4-5 (D. Ariz. Oct. 25, 2022) ("To the extent the injunction restrains Van Cleave from having contact with Sherrill at the federal workplace and going to the workplace, the Court agrees with the United States that the injunction is barred by sovereign immunity."); *Clark v. United States*, Case No. C21-507 MJP, 2021 WL 3129623, at *2 (W.D. Wash. July 23, 2021) (where parties were co-workers at federal agency, dismissing case based on sovereign immunity because "[t]he petition does not identify any provision of law by which the United States has waived sovereign immunity for the purpose of permitting its employees, acting in the scope of their employment, to be sued such that a state-court order of protection could be issued against them and restrict their activities at the workplace"); *Figueroa v. Baca*, Case No. ED CV 17–1471 PA (AGRx), 2018 WL 2041383, at *3 (C.D. Cal. Apr. 30, 2018) (where parties were civilian employees at Fort Irwin Army Garrison, dissolving portion of a TRO that applied to workplace and remanding remainder of case to state court). The Court agrees with the reasoning of these courts, and finds that Rodriguez Jr.'s request for a civil restraining order is barred by sovereign immunity.[1]

Because Rodriguez Jr.'s request for a civil restraining order is barred by sovereign immunity, the state court lacked jurisdiction over his claims, as does this Court pursuant to the derivative jurisdiction doctrine. For these reasons, the Court GRANTS defendant's motion and DISMISSES this case.

---

[1] There is nothing in the record to suggest that defendant's actions fall within an exception to sovereign immunity.

## CONCLUSION

The Court GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Dated: January 12, 2024

_____
SUSAN ILLSTON
United States District Judge